IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES PARSON | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:14-CV-0077-CDL-MSH |
| PAUL MORRIS, et. al., | : | |
| Defendants | : | |

## ORDER

Plaintiff James Parson, a pre-trial detainee confined at the Muscogee County Detention Facility in Columbus, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks to proceed in this action without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. & 1915(a).

Based on his submissions, the undersigned finds that Plaintiff is unable to pre-pay the entire $350.00 filing fee at this time. However, Plaintiff should be able to now pre-pay at least a portion of the filing fee. Plaintiff's prison trust account certification shows that he has had an average monthly balance of $27.34 for the last six months and had an account balance of $29.35 at the time of filing. Therefore, Plaintiff is Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**; but pursuant to 28 U.S.C. § 1915(b)(1)(B), it is **ORDERED** that Plaintiff pay an initial partial filing fee of $5.46. Plaintiff will also be required to pay the remaining $344.54 of the filing fee under the payment plan set forth 28 U.S.C. § 1915(b)(1). The Court's filing fee is not refundable, regardless of the outcome of

this case. Plaintiff is thus responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

Once Plaintiff has paid this initial fee, his Complaint will be ripe for a preliminary review. *See* 28 U.S.C. §1915A. However, the undersigned will need additional information before Plaintiff's case may go forward. The Complaint currently alleges that Plaintiff suffers from a hernia and that Defendants Morris, Bassey, and Jeremy have failed to provide him with adequate treatment for this condition or otherwise treat his severe pain. Plaintiff alleges that he first complained about groin pain on April 10, 2013. He was seen by a nurse a few days later and then by Defendant Dr. Bassey, who referred Plaintiff to the physician assistant, Defendant Jeremy. Jeremy examined Plaintiff using a "hand-pushing technique" and prescribed a limited amount of Ibuprofen for pain. The pain apparently increased thereafter. It is unclear whether (or how many times) Plaintiff sought additional treatment or pain medication. Plaintiff did file grievances on January 20, 2014, and February 22, 2014, which were denied.

Plaintiff has now filed the present action alleging an inadequate provision of medical treatment in violation of his Fourteenth Amendment rights.[1] A prisoner asserting a constitutional claim for inadequate medical treatment must show "(1) an objectively

---

[1] Because Plaintiff had not been convicted at the time of the events giving rise to this action, the Eighth Amendment has no application to his claims; rather, the relevant constitutional provision is the Due Process Clause of the Fourteenth Amendment. *Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988) (citing *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S. Ct. 2979, 2983, 77 L.Ed.2d 605 (1983)). This distinction is only academic, however: "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc).

2

serious medical need that, if left unattended, poses a substantial risk of serious harm, and (2) that the [defendants'] response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).  Plaintiff's Complaint does not include sufficient allegations about his condition or the treatment provided for the undersigned to determine whether he can state such a claim against any defendant.  The Complaint appears to primarily describe the grievances he has filed.

For this reason, Plaintiff is now **ORDERED** to supplement his Complaint with additional allegations.  Plaintiff's supplement should more fully describe the treatment he was provided, including information about the number of times he requested treatment, the number of times he was examined (and by whom), any diagnostic tests that were performed, the extent of his pain, and the extent to which pain medication was provided.  Plaintiff's supplement must clearly explain how each named defendant violated his constitutional rights and describe any injury he has suffered as result of their actions.

It also appears, on the face of the Complaint, that Plaintiff has not yet received a ruling on his grievance appeals.  Plaintiff's supplement should thus also provide any additional information he may have regarding his exhaustion of the administrative remedies available through the Georgia Department of Corrections.

Plaintiff has **TWENTY-ONE DAYS (21) DAYS** from the date shown on this Order to (1) pay a partial filing fee of $5.46 and (2) file his supplement.   While this action

3

is pending, Plaintiff shall also immediately inform the Court in writing of any change in his mailing address. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his Complaint.

There will be no service of process in this case until further order. Once Plaintiff has filed his supplement, the Court will conduct a preliminary review of his Complaint as required by 28 U.S.C. § 1915A.

**SO ORDERED**, this 27th day of March, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE